**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ISAAC MARK RAMIREZ,

      Plaintiff,

v.                                                                              No. CV 14-1107 JH/KBM

GREGG MARCANTEL,
MIKE HEREDIA,
J. BEAIRD,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint.   Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.   For reasons set out below, certain of Plaintiff's claims will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."   The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was involved in incidents that occurred between December, 2013, and February, 2014, at the Lea County, New Mexico, Correctional Facility.   He was not given a misconduct report but was found guilty in a disciplinary hearing on charges that he does not identify.   As punishment, Defendants placed him in Level VI custody status specific to inmates charged with predatory, intimidating, and extortionate conduct.   He alleges that he was not allowed to participate in the hearing, challenge confidential information that supported the ruling, or introduce evidence such as witness statements and video recordings of the incidents. Plaintiff claims that Defendants' actions violated his rights under the Due Process Clause of the Fourteenth Amendment, and his punishment amounts to cruel and unusual punishment.   The complaint seeks equitable relief in the form of "immediate release from long term disciplinary segregation and re-classification."

Prison disciplinary hearings are not part of a criminal prosecution, and the full panoply of rights due a criminal defendant do not apply.   *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The minimum due process requirements for prisoners in the context of a disciplinary hearing are (1) written notice of the charges brought against the inmate at least twenty-four hours before the hearing; (2) the right to call witnesses and present evidence at the hearing; (3) a written statement by the fact-finder as to the evidence relied upon and the reason for any action taken, *see id*. at 564-566; *see also Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990); and (4) support of the decisionmaker's findings "by some evidence in the record."   *Superintendent v. Hill*, 472 U.S. at 454.   Under these standards, Plaintiff's allegations may state claims for relief under § 1983.   *See Boyce v. Ashcroft,* 251 F.3d 911, 914, *vacated as moot,* 268 F.3d 953 (10th Cir. 2001); *and see United States v. Garcia,* 470 F.3d 1001, 1003 (10th Cir. 2006) ("Although *Boyce* was vacated as moot on rehearing, we are persuaded by

2

its reasoning."); *see also Requena v. Roberts*, 552 F. App'x 853, 855 (10th Cir. 2014).

No relief is available on Plaintiff's allegations against Defendant Corrections Secretary Marcantel.   The complaint's only allegation against him is that he "has the responsibility to assure that the administration under him follow [disciplinary] policy."   This allegation does not affirmatively link Defendant Marcantel to the asserted violations.   *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).   To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation.   *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).   A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.   *See id.*   "We have said that a plaintiff cannot establish liability under § 1983 merely by showing that the defendant was in charge of others who may have committed a constitutional violation.   Instead, the plaintiff must establish a 'deliberate, intentional act by the supervisor to violate constitutional rights.' "   *Phillips v. Tiona*, 508 F. App'x 737, 744 (10th Cir. 2013) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010).   The complaint makes no such allegations against Defendant Marcantel, and the Court will dismiss Plaintiff's claims against him.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Marcantel are DISMISSED, Defendant Marcantel is DISMISSED as a party to this action, and the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Heredia and Beaird at the Lea County Correctional Facility.

_____
UNITED STATES DISTRICT JUDGE